UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEON ERIC McCOY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-CV-0389-CVE-JFJ |
| ) | |
| BOARD OF COUNTY COMMISSIONERS ) | |
| OF THE COUNTY OF MAYES and ) | |
| DARRELL YODER, individually and in his ) | |
| official capacity, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Now before the Court is Defendant Board's Motion to Dismiss and Brief in Support (Dkt. # 10). Defendant Board of County Commissioners of the County of Mayes (the Board) argues that plaintiff Leon Eric McCoy's claims against the Board are duplicative of his claims against Darrell Yoder in his official capacity, and the Board asserts that the appropriate remedy is to dismiss plaintiff's claims against the Board. Dkt. # 10. Plaintiff does not respond to the argument actually asserted by the Board but, instead, argues that he has adequately alleged that the Board can be held liable based on an official policy or custom that caused his alleged injury. Dkt. # 14.

**I.**

McCoy alleges that he worked as an employee of the Mayes County Commissioners from October 1, 2022 to March 24, 2024. McCoy claims that Darrell Yoder, the Board's chairman, required employees to attend a 20 minute prayer service at the start of their shift every day. Dkt. # 2-4, at 2. McCoy states that it was an "expectation" of his employment that he attend the prayer service. Id. Although McCoy alleges that his employment ended in March 2024, he does not allege

that his employment was terminated because of his failure to attend the prayer services or that he resigned due to pressure to attend the services.

On June 24, 2024, McCoy filed a petition in state court, alleging claims under the Oklahoma Constitution and the Oklahoma Religious Freedom Act, OKLA. STAT. tit. 51, § 251 et seq. Dkt. # 2-2. McCoy filed an amended petition adding a claim under 42 U.S.C. § 1983 for an alleged violation of the Free Exercise and Establishment Clauses of the First Amendment. Dkt. # 2-4. Defendants removed the case to this Court based on federal question jurisdiction.

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft, 556 U.S. at 683. For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most

2

favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

The Board argues that it is not a proper party because plaintiff has already named Yoder as a party in his official capacity, and plaintiff's claims against the Board are redundant of the claims against Yoder. Dkt. # 10, at 3. Plaintiff cites OKLA. STAT. tit. 19, §§ 4 and 103, and argues that the Board and Yoder are both proper parties. Dkt. # 14, at 4. Plaintiff also argues that the Board will be a proper party for a tort claim under the Oklahoma Governmental Tort Claims Act, OKLA. STAT. tit. 51, § 151 et seq. (GTCA), and he states that he will seek leave to file an amended complaint adding a GTCA claim once he has exhausted his administrative remedies. Id. at 5.

Plaintiff argues that Oklahoma law requires that the board of county commissioners be named as the defendant in cases against a county or a county official. Under OKLA. STAT. tit. 19, § 4, "the name in which a county shall sue or be sued shall be 'Board of County Commissioners of the County of _____,'" but the statute also permits a plaintiff to bring suit against a county by "naming a county officer identified in [OKLA. STAT. tit. 19, § 161] of this title when it is alleged that such officer in his or her official capacity is directly or vicariously liable to plaintiff in an action not arising out of contract." The statute does not contemplate allowing a plaintiff to name the board of county commissioners and a county officer in his official capacity. The statute provides that suit may

3

be brought against a county officer in his or her official capacity, instead of bring a claim against the board of county commissioners, and "the Court may substitute a county officer identified in Section 161 of this title in his or her official capacity for the Board upon a showing that such county officer is better suited to represent and defend the county under the particular facts of the case." OKLA. STAT. tit. 19, § 4.

Plaintiff has named two defendants that are both treated as Mayes County for the purpose of plaintiff's claims. Plaintiff has named Yoder as a defendant in his official capacity, and this is treated as a means of alleging claims against the county. Sawyers v. Norton, 962 F.3d 1270, 1279 n.4 (10th Cir. 2020). Plaintiff's claims against the Board are simply another way to sue the county, but plaintiff does not allege a separate basis for liability against the Board. The Board is mentioned in only one factual allegation of the amended petition for the proposition that the Board "acquiesce[d] in" Yoder's unlawful conduct. Dkt. # 2-4, at 2. Under the plain language of the statute, a plaintiff is not required to name the board of county commissioners when it would appropriate to name a county official in his official capacity as the representative of the county. OKLA. STAT. tit. 19, § 4. In fact, the statute authorizes the trial court to substitute a county official in his official capacity "for the Board upon a showing that such county officer is better suited to represent and defend the county under the particular facts of the case." Id. In this case, plaintiff alleges that Yoder violated the state and federal constitutions by requiring employees to attend a prayer service prior to the start of their shift every day. Dkt. # 2-4, at 2. By naming Yoder as a defendant in his official capacity, plaintiff has named Mayes County as a party and the Court finds that Yoder is better suited than the Board to defend against plaintiff's allegations. Plaintiff's claims

against the Board are redundant of his claims against Yoder in his official capacity, and plaintiff's claims against the Board should be dismissed as duplicative.

**IT IS THEREFORE ORDERED** that Defendant Board's Motion to Dismiss and Brief in Support (Dkt. # 10) is **granted**, and the Board of County Commissioners of the County of Mayes is terminated as a party.

**DATED** this 5th day of December, 2024.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE